# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW NAQUIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ALEXION PHARMACEUTICALS, INC., | ) |
| DAVID R. BRENNAN, CHRISTOPHER J. | ) |
| COUGHLIN, DEBORAH DUNSIRE, PAUL | ) |
| A. FRIEDMAN, LUDWIG HANTSON, | ) |
| JOHN T. MOLLEN, FRANCOIS NADER, | ) |
| JUDITH A. REINSDORF, ANDREAS | ) |
| RUMMELT, ASTRAZENECA PLC, DELTA | ) |
| OMEGA SUB HOLDINGS INC., DELTA | ) |
| OMEGA SUB HOLDINGS INC. 1, and | ) |
| DELTA OMEGA SUB HOLDINGS LLC 2, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 12, 2020 (the "Proposed Transaction"), pursuant to which Alexion Pharmaceuticals, Inc. ("Alexion" or the "Company") will be acquired by AstraZeneca PLC ("Parent"), Delta Omega Sub Holdings Inc. ("Bidco"), Delta Omega Sub Holdings Inc. 1 ("Merger Sub I"), and Delta Omega Sub Holdings LLC 2 ("Merger Sub II," and together with Parent, Bidco, and Merger Sub I, "AstraZeneca").

2. On December 12, 2020, Alexion's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with AstraZeneca.  Pursuant to the terms of the Merger Agreement, Alexion's stockholders will receive 2.1243 American depository shares of Parent and $60.00 in cash for each share of Alexion common stock they own.

3. On February 19, 2021, defendants filed a Form F-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Alexion common stock.

9. Defendant Alexion is a Delaware corporation and maintains its principal executive offices at 121 Seaport Boulevard, Boston, Massachusetts 02210. Alexion's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "ALXN."

10. Defendant David R. Brennan is Chairman of the Board of the Company.

11. Defendant Christopher J. Coughlin is a director of the Company.

12. Defendant Deborah Dunsire is a director of the Company.

13. Defendant Paul A. Friedman is a director of the Company.

14. Defendant Ludwig Hantson is Chief Executive Officer and a director of the Company.

15. Defendant John T. Mollen is a director of the Company.

16. Defendant Francois Nader is a director of the Company.

17. Defendant Judith A. Reinsdorf is a director of the Company.

18. Defendant Andreas Rummelt is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is a public limited company incorporated under the laws of England and Wales and a party to the Merger Agreement.

21. Defendant Bidco is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

22. Defendant Merger Sub I is a Delaware corporation, a wholly-owned subsidiary of Bidco, and a party to the Merger Agreement.

23. Defendant Merger Sub II is a Delaware limited liability company, a wholly-owned subsidiary of Bidco, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

24. Alexion is a global biopharmaceutical company focused on serving patients and families affected by rare diseases and devastating conditions through the discovery, development, and commercialization of life-changing medicines.

25. The Company has developed and commercializes two approved complement inhibitors to treat patients with PNH and atypical haemolytic uremic syndrome, as well as the first and only approved complement inhibitor to treat anti-acetylcholine receptor antibody-positive generalized myasthenia gravis and neuromyelitis optica spectrum disorder.

26. The Company also has two highly innovative enzyme replacement therapies for patients with life-threatening and ultra-rare metabolic disorders, hypophosphatasia and lysosomal acid lipase deficiency as well as the first and only approved Factor Xa inhibitor reversal agent.

27. In addition, the Company is developing several mid-to-late-stage therapies, including a copper-binding agent for Wilson disease, FcRn antibody for rare IgG-mediated diseases and an oral Factor D inhibitor as well as several early-stage therapies, including one for light chain amyloidosis, a second oral Factor D inhibitor and a third complement inhibitor.

28. On December 12, 2020, Alexion's Board caused the Company to enter into the Merger Agreement with AstraZeneca.

29. Pursuant to the terms of the Merger Agreement, Alexion's stockholders will receive 2.1243 American depository shares of Parent common stock and $60.00 in cash for each share of Alexion common stock they own.

30.     According to the press release announcing the Proposed Transaction:

AstraZeneca and Alexion Pharmaceuticals, Inc. (Alexion) have entered into a definitive agreement for AstraZeneca to acquire Alexion. . . .

Alexion shareholders will receive $60 in cash and 2.1243 AstraZeneca American Depositary Shares (ADSs) (each ADS representing one-half of one (1/2) ordinary share of AstraZeneca, as evidenced by American Depositary Receipts (ADRs)) for each Alexion share. Based on AstraZeneca's reference average ADR price of $54.14, this implies total consideration to Alexion shareholders of $39bn or $175 per share.

The boards of directors of both companies have unanimously approved the acquisition. Subject to receipt of regulatory clearances and approval by shareholders of both companies, the acquisition is expected to close in Q3 2021, and upon completion, Alexion shareholders will own c.15% of the combined company. . . .

Key terms

The acquisition will be undertaken through a US statutory merger in which Alexion shareholders will receive $60 in cash and 2.1243 new AstraZeneca ADSs listed on the Nasdaq exchange for each of their Alexion shares. The cash and ADS consideration represents an c.45% premium to Alexion shareholders based on the closing stock price of Alexion on 11 December 2020 and a c.43% premium, based on the 30-day volume-weighted average closing stock price of $122.04 before this announcement. If they elect, Alexion shareholders may receive their allocation of AstraZeneca ADSs in the form of a corresponding number of ordinary shares of AstraZeneca in addition to the cash consideration.

Based on AstraZeneca's reference average ADR price of $54.14, this implies total consideration to Alexion shareholders of $39bn or $175 per share. . . .

Governance

The companies will mutually agree on two individuals from the Alexion board of directors who will join the AstraZeneca board as directors upon closing of the acquisition.

Closing conditions

Closing of the acquisition is subject to approval by AstraZeneca and Alexion shareholders, certain regulatory approvals, approval of the new AstraZeneca shares for listing with the Financial Conduct Authority and to trading on the London Stock Exchange, and other customary closing conditions.

The acquisition is a Class 1 transaction for AstraZeneca and as such, will require the approval of its shareholders to comply with the UK Listing Rules. A shareholder circular, together with notice of the relevant shareholder meeting, will be distributed to shareholders in the first half of 2021. The Alexion proxy statement is also expected to be published in the first half of 2021.

Subject to the satisfaction of the closing conditions to the proposed acquisition, the companies expect the acquisition to close in Q3 2021. . . .

Advisors to AstraZeneca

Evercore Partners International LLP ("Evercore"), and Centerview Partners UK LLP ("Centerview Partners") are acting as lead financial advisers. Ondra LLP ("Ondra") are providing advice as part of their ongoing financial advisory services. Morgan Stanley & Co. International plc ("Morgan Stanley") and Morgan Stanley Bank International Limited and J.P. Morgan are acting as financial advisors and lead debt financing underwriters. Goldman Sachs Bank USA is acting as lead debt financing underwriter. Morgan Stanley and Goldman Sachs International are joint corporate brokers. Evercore is acting as sponsor in relation to the transaction described in this announcement. Freshfields Bruckhaus Deringer is acting as legal counsel.

Advisors to Alexion

Bank of America Securities is serving as financial advisor to Alexion, and Wachtell, Lipton, Rosen & Katz is serving as legal counsel.

***The Registration Statement Omits Material Information***

31. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

32. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

33. First, the Registration Statement omits material information regarding the Company's and AstraZeneca's financial projections.

34. With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate non-GAAP operating

6

income, tax-effected EBIT, unlevered free cash flow, and non-GAAP EPS; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

35. With respect to the financial projections for AztraZeneca, the Registration Statement fails to disclose: (i) all line items used to calculate core EBIT, unlevered free cash flow, and core EPS; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

36. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

37. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Bank of America Securities ("BofA").

38. With respect to BofA's Selected Publicly Traded Companies Analyses of the Company and AstraZeneca, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

39. With respect to BofA's Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

40. With respect to BofA's Discounted Cash Flow Analysis of the Company, the Registration Statement fails to disclose: (i) the standalone, unlevered, after-tax free cash flows used in the analysis and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rate range of 7.0% to 9.5%; (iii) the basis for assuming no cash flows and

terminal value for Alexion beyond 2040; (iv) Alexion's net debt; and (v) the number of fully-diluted shares of Alexion common stock outstanding.

41. With respect to BofA's Wall Street Analysts Price Targets analyses of the Company and AstraZeneca, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

42. With respect to BofA's Premia Paid Analysis, the Registration Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

43. With respect to BofA's Discounted Cash Flow Analysis of AstraZeneca, the Registration Statement fails to disclose: (i) the standalone, unlevered, after-tax free cash flows used in the analysis and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rate range of 6.0% to 7.5% and the range of perpetuity growth rates of negative 3.0% to positive 1.0%; (iii) the terminal values used in the analysis; (iv) AstraZeneca's net debt; and (v) the number of fully-diluted shares of AstraZeneca common stock outstanding.

44. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45. Third, the Registration Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of the Company's officers and directors, including who participated in all such communications.

46. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that

information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

47. The omission of the above-referenced material information renders the Registration Statement false and misleading.

48. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Alexion**

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Alexion is liable as the issuer of these statements.

51. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

52. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

53. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

54. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

55. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

56. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and AstraZeneca

57. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58. The Individual Defendants and AstraZeneca acted as controlling persons of Alexion within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Alexion and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

59. Each of the Individual Defendants and AstraZeneca was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

60. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

61. AstraZeneca also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

62. By virtue of the foregoing, the Individual Defendants and AstraZeneca violated Section 20(a) of the 1934 Act.

63. As set forth above, the Individual Defendants and AstraZeneca had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 11, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Timothy J. MacFall*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*